## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA, et al.** | : | **NO.  15-5459** |

**QUIÑONES ALEJANDRO, J.**                                        **OCTOBER 8, 2015**

### MEMORANDUM OPINION

Anthony Johnson filed this civil action based on his dissatisfaction with several state and federal judges' rulings against him and their refusal to allow him to represent others in court despite his procurement of a power of attorney.  He seeks leave to proceed *in forma pauperis*. For the reasons set forth herein, Johnson's petition to proceed *in forma pauperis* is granted and his complaint is dismissed primarily because it duplicates an earlier-filed case that was recently dismissed.

### FACTS

On August 7, 2015, Johnson filed a lawsuit against (1) the City of Philadelphia; (2) Judge Gary Glazer of the Philadelphia Court of Common Pleas; (3) Judge John M. Younge of the Philadelphia Court of Common Pleas; (4) Chief Judge Theodore A. McKee of the Third Circuit Court of Appeals; (5) Judge Cynthia M. Rufe of the Eastern District of Pennsylvania; (6) Judge J. William Ditter of the Eastern District of Pennsylvania; (7) Judge William H. Yohn of the Eastern District of Pennsylvania; (8) the United States of America; (9) the U.S. Department of Justice; (10) the "U.S. District Court Third Circuit Eastern District of PA"; (11) Judge L. Felipe Restrepo of the Eastern District of Pennsylvania; (12) Aaron Shotland, an Assistant City Solicitor; and (13) the Philadelphia Daily Newspaper. *See Johnson v. City of Phila.*, E.D. Pa.

Civ. A. No. 15-4651. Although Johnson is not an attorney, he indicated that he had obtained powers of attorney from various individuals to assist those individuals with their legal claims in state and federal court. He purported to raise constitutional claims based on the state and federal judges' refusals to recognize those powers of attorney to permit Johnson to essentially act as counsel in cases brought by other individuals.    He also brought claims based on his dissatisfaction with various rulings in cases he brought on behalf of himself and others, from which he extrapolated that the courts "sabotaged" him or conspired against him because he is African-American. Johnson also alleged that certain defendants covered up or failed to report on the alleged conspiracy against him and all African Americans.

In a September 8, 2015 Order and accompanying memorandum, the Honorable Thomas N. O'Neill, Jr., who was assigned to the case, granted Johnson leave to proceed *in forma pauperis* and dismissed his complaint. Any claims Johnson raised on behalf of others were dismissed, without prejudice, because *pro se* litigants who are not attorneys may not represent other individuals in federal court. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). Johnson's individual claims were also dismissed, with prejudice, as frivolous, malicious, or for failure to state a claim.

In dismissing Johnson's individual claims, Judge O'Neill observed that:

the complaint regurgitates allegations that have been repeatedly rejected by judges on this Court. Johnson has previously sued many of the same defendants, based on many of the same underlying cases, alleging that the state and federal courts and the judges on those courts have sabotaged him and/or conspired against him because he is African-American. *See Johnson v. United States*, Civ. A. No. 14-1138 (E.D. Pa.); *Johnson v. Tucker*, Civ. A. No. 12-4980 (E.D. Pa.); *Johnson v. Yohn*, Civ. A. No. 12-4526 (E.D. Pa.); *Johnson v. Lachman*, Civ. A. No. 12-2461 (E.D. Pa.); *Johnson v. Kugler*, Civ. A. No. 12-2031 (E.D. Pa.); *Johnson v. Kugler*, Civ. A. No. 10-7454 (E.D. Pa.); *Johnson v. City of Phila.*, Civ. A. No. 07-3110 (E.D. Pa.); *Johnson v. Davis*, Civ. A. No. 98-4380 (E.D. Pa.). Despite the dismissals of those cases, Johnson continues to pursue the same or similar claims against many of the same defendants, each time adding the most recent judge who

2

> determined that his claims lack merit. This pattern of litigation activity
> establishes that the Court should dismiss a majority of Johnson's claims as
> malicious. If Johnson continues in this vein, he is on notice that he could be
> subjected to a pre-filing injunction.

*Johnson v. City of Phila.*, E.D. Pa. Civ. A. No. 15-4651 (Document No. 2 at 5-6). Judge O'Neill

also rejected Johnson's allegations of a vast conspiracy as frivolous and explained that judges are

entitled to absolute judicial immunity from liability for acts taken in their judicial capacity.

Johnson was not given leave to amend because Judge O'Neill concluded that amendment would

be futile.

On October 1, 2015, Johnson filed a motion for relief from judgment, which Judge

O'Neill denied. He also initiated the instant case, which is based on the same allegations Judge

O'Neill rejected in Civ. A. No. 15-4651. However, consistent with his pattern, Johnson added

Judge O'Neill as a defendant because Judge O'Neill dismissed his case.

**STANDARD OF REVIEW**

Johnson's motion to proceed *in forma pauperis* is granted because it appears as though he is

incapable of paying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i)

requires a court to dismiss a complaint if it is frivolous or malicious. A complaint is frivolous if

it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v.

United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged

rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).

"A court that considers whether an action is malicious must, in accordance with the

definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at

the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or

3

harass the defendant[s]." *Deutsch*, 67 F.3d at 1086.  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

## DISCUSSION

This Court will dismiss Johnson's complaint as malicious because it repeats previously litigated claims. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant . . . ."); *Morris v. United States Dep't of Health & Human Servs.*, Civ. A. No. 13-950, 2013 WL 3938993, at *3 (D. Del. July 26, 2013) ("Plaintiff's filing of repetitive claims or claims arising out of a common nucleus of operative facts falls squarely within the category of malicious litigation.").  If Johnson was dissatisfied with Judge O'Neill's ruling, he was entitled to file a notice of appeal.  He may not, however, initiate a new action in an attempt to circumvent the Court's ruling. *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts.").  In any event, Johnson's claims are frivolous for the same reasons articulated by Judge O'Neill.

4

**CONCLUSION**

For the foregoing reasons, Johnson's complaint is dismissed.  Johnson will not be given leave to amend because any amendment would be futile.  An order consistent with this memorandum opinion follows, which shall be docketed separately.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.